

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THR CALIFORNIA, LLC, <br><br>   Plaintiff, <br><br> vs. <br><br> GLYNIS BRYANT BOGLIN, <br><br>   Defendant. | Case No. ED CV 12-1910-UA (DUTYx) <br><br> ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

    The Court will remand this unlawful detainer action to state court summarily because defendant removed it improperly.

    On November 2, 2012, defendant Glynis Bryant Boglin, having been sued in what appears to be a routine unlawful detainer action in California Superior Court, lodged a Notice Of Removal of that action to this Court, and also presented an application to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

    First, although defendant hints at diversity jurisdiction, because the amount in controversy does not exceed $75,000 and there is no allegation of diversity of

citizenship, there is no basis to assert diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441. And second, defendant's assertion of removal jurisdiction under 28 U.S.C. § 1443 is baseless, as she has not satisfied either prong of the two-part test required for removal under § 1443(1). *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). As described in more detail in the Order Denying Defendant's Request to Proceed Without Prepayment of Filing Fee, the Notice of Removal fails to assert, as a defense to the unlawful detainer action, a statutory right for the protection of racial equality, and also fails to point to any state statute or constitutional provision that commands the state courts to ignore such federal right.

Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior Court of California, Riverside County, 13800 Heacock Street, Building D #201, Moreno Valley, CA 92553, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

DATED: 11/8/12

HONORABLE GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE